UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE ESTATE OF JOSEPHINE DECICCO, *by her proposed Administrator*, GRACE DECICCO,

*Plaintiff*,

-against-

GWC-MILL BASIN, INC., SUNRISE AT MILL BASIN,

*Defendants*.

23-CV-8148 (ARR) (MMH)

<u>NOT FOR ELECTRONIC OR PRINT PUBLICATION</u>

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff, Grace DeCicco, brings this action as proposed administrator of the estate of Josephine DeCicco, against defendants GWC-Mill Basin, Inc. and Sunrise at Mill Basin. Plaintiff asserts claims under New York law in connection with Josephine DeCicco's death from COVID-19 while residing at defendants' assisted living facility. *See* Verified Compl. ¶¶ 26, 101–02 ("Compl."), ECF No. 1-2. Plaintiff commenced her suit in state court, and defendants removed the action to this court. *See* Notice of Removal, ECF No. 1. Defendants now move for judgment on the pleadings, arguing that plaintiff cannot maintain this action as proposed administrator of Josephine DeCicco's estate. *See* Defs.' Brief in Supp. Mot. J. on Pleadings 1 ("Defs.' Mot."), ECF No. 10-1. For the reasons below, I grant defendants' motion and dismiss the action without prejudice.

**BACKGROUND**

Plaintiff's mother, Josephine DeCicco, resided at Sunrise at Mill Basin, an assisted living facility located in Brooklyn, New York and licensed to GWC-Mill Basin. Verified Answer ¶¶ 3, 6. Plaintiff alleges that her mother died from COVID-19 on April 10, 2020, while residing at

Sunrise at Mill Basin, and that her death was the "result of defendant[s'] failure to protect its residents" from the virus. Compl. ¶¶ 102, 108.

On November 3, 2022, plaintiff initiated this action in New York State Supreme Court, Kings County, asserting claims on behalf of Josephine DeCicco for negligence, *id*. ¶¶ 139–76; gross negligence, *id*. ¶¶ 190–204; pain and suffering, *id*. ¶¶ 177–80; wrongful death, *id*. ¶¶ 181–89, and violations of state and local public health laws, *id*. ¶¶ 111–38. Defendants removed the action from state court on November 1, 2023, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal ¶ 3. They now move for judgment on the pleadings, arguing that "without letters to administer the estate [of Josephine DeCicco]," plaintiff lacks "legal capacity to bring this lawsuit." Defs.' Mot. 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Dismissal under Rule 12(c) "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc*., 842 F.2d 639, 642 (2d Cir. 1988). The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss. *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004) (citation omitted). A Rule 12(c) motion can therefore prevail only when, accepting all "well-pleaded factual allegations" in the complaint as true and "constru[ing] all reasonable inferences" from the complaint "in the light most favorable to the plaintiff," the claim does not "plausibly give rise to an entitlement to relief." *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) (quotations omitted).

**DISCUSSION**

**I.    Plaintiff Cannot Bring Suit Under New York Law.**

"[A]s a general matter, a federal district court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits." *Pappas v. Philip Morris, Inc*., 915 F.3d 889, 893 (2d Cir. 2019) (emphasis omitted). In New York, "[t]he power to sue for injuries incurred from the death of an individual has no basis in . . . common law"; rather, "[t]he cause of action arises only from statute." *In re Sept. 11 Litig*., 760 F. Supp. 2d 433, 443 (S.D.N.Y. 2011) (citing *Liff v. Schildkrout*, 427 N.Y.S.2d 746, 748–49 (1980)). Specifically, New York Estates Powers & Trusts Law § 5-4.1  ("N.Y.E.P.T.L. § 5-4.1") permits the "personal representative" of a decedent who is survived by distributees to "maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued." The decedent's personal representative must be "duly appointed," *id*., meaning that the representative must have "received letters to administer the estate of [the] decedent," *id*. § 1-2.13; *see Jordan v. Jordan*, 990 N.Y.S.2d 874 (2d Dep't 2014). The representative must receive letters of administration prior to commencing an action on the decedent's behalf. *Carrick v. Cent. Gen. Hosp*., 434 N.Y.S. 2d 130, 134 & n.2 (1980). Thus, a "proposed" administrator of a decedent's estate, who has not yet received letters of administration, cannot maintain an action on behalf of the decedent. *See id*.; *Bush v. City of Utica*, 948 F. Supp 2d 246, 253 (N.D.N.Y. 2013) (dismissing claims by a proposed administrator).

Plaintiff brings this action as the "proposed administrator" of Josephine DeCicco's estate, *see* Compl. ¶ 4, and in her opposition to defendants' motion, she concedes that she is still "in the process of petitioning the Surrogate Court for [l]etters of [a]dministration," Pl.'s Opp'n Defs.'

Mot. 3 ("Pl.'s Opp'n"), ECF No. 13. As such, plaintiff cannot bring her claims on behalf of Josephine DeCicco at this time.[1] Her claims are therefore dismissed without prejudice.

## II. Plaintiff May Be Able to Renew Her Claims Upon the Appointment of a Personal Representative.

Per New York's Civil Practice Law and Rules 205, if a plaintiff timely files an action, and the action is dismissed "in any other manner than by," *inter alia*, "final judgment upon the merits," the plaintiff may commence a new action within six months of dismissal, "provided that the new action would have been timely commenced at the time of commencement of the prior action." N.Y.C.P.L.R. 205. In other words, "[w]hen an action is dismissed for reasons other than a failure to prosecute or a fatal defect involving the merits of the underlying claim, [N.Y.C.P.L.R. 205] permits the plaintiff to commence a new action within six months of the dismissal even though the action would otherwise be time-barred under the applicable period of limitations." *Carrick*, 434 N.Y.S. 2d at 131.

The New York Court of Appeals has held that dismissal of an action "based solely upon the absence of a duly appointed administrator does not preclude reprosecution of the underlying claim" under Rule 205 "once a qualified administrator has been appointed." *Id*. at 136. Accordingly, plaintiff may invoke Rule 205 to reprosecute her claims once she receives letters of administration for Josephine DeCicco's estate, provided that she can establish that her initial action

---

[1] Plaintiff's claims for violations of state and local public health laws invoke a New York statute that creates a private right of action against a "residential health care facility" that deprives a patient of any "right or benefit" under any contract or state or federal "statute, code, rule or regulation." N.Y. Pub. Health Law § 2801-d ("N.Y.P.H.L. § 2801-d"); *see* Compl. ¶¶ 111–38. Claims arising under this provision may be brought by "the patient's legal representative or . . . estate." N.Y.P.H.L. § 2801-d. New York courts have applied the "duly appointed representative" requirements of N.Y.E.P.T.L. § 5-4.1 to claims arising under N.Y.P.H.L. § 2801-d. *See, e.g.*, *B.R. v. E. at W. for Rehab. & Nursing, LLC*, 185 N.Y.S.3d 650, *1–2 (Sup. Ct. 2023). Thus, plaintiff cannot presently bring her claims under N.Y.P.H.L. § 2801-d, for the same reasons as above.

was brought within the applicable statute of limitation. *See Est. of Capo v. Haquif*, No. 18-CV-10903 (GBD), 2019 WL 2498369, at *4 (S.D.N.Y. May 31, 2019).

However, nothing in Rule 205 or related cases supports plaintiff's argument that she can avoid dismissal here simply because she may be able to renew her action later on. *See* Pl's Opp'n 3–4. Plaintiff relies primarily on *Robles v. Brooklyn Queens Nursing Home, Inc.*, 16 N.Y.S.3d 275 (2d Dep't 2015), which concerned a plaintiff who commenced two actions on behalf of a decedent's estate prior to receiving letters of administration, and then commenced a third action after the letters were issued but before the two prior actions were dismissed. *Id.* at 275–76. A New York appellate court rejected the defendants' argument that the plaintiff could not maintain the third action because it was commenced before dismissal of the two prior actions. *Id.* at 276. This decision does not, however, suggest that dismissal is inappropriate here. First, in *Robles*, the appellate court's holding turned on the fact that the defendants raised their argument for the first time on appeal, such that the plaintiff did not have the opportunity to cure the issue in the trial court by commencing a new action under Rule 205 following dismissal of the previous actions. *Id*. The decision is therefore consistent with the general rule that Rule 205 allows a plaintiff to recommence an action only after the previous action has been dismissed. Moreover, nothing in the *Robles* decision suggests that a plaintiff may maintain an action that she commenced prior to receiving letters of administration, as is the case here.

I likewise cannot grant plaintiff's request to "stay" this action pending her appointment as administrator. *See* Pl.'s Opp'n 3. According to the New York Court of Appeals, the requirement that a plaintiff be duly appointed administrator of a decedent's estate is not a "mere question of capacity to sue"; rather, it is a "formal element[] of the cause of action" that allows a plaintiff to bring suit on a decedent's behalf. *Carrick*, 434 N.Y.S. 2d at 134 & n.2. This cause of action "does

not . . . arise until an administrator has been named through the issuance of letters of administration." *Id*. at 134 n.2. Thus, plaintiff does not have a cause of action to bring her claims on behalf of Josephine DeCicco until she receives letters of administration for the estate. Because plaintiff presently lacks a cause of action under New York law, her claims must be dismissed. *See, e.g.*, *Johnson v. City of New York*, No. 90-CV-7125, 1991 WL 41636, at \*5 (S.D.N.Y. Mar. 22, 1991).

## CONCLUSION

For the reasons above, plaintiff's claims are dismissed without prejudice.

SO ORDERED.

\_\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated:      March 22, 2024
            Brooklyn, New York